In re MILLENIUM SEACARRIERS, INC., Debtor,

Assuranceforeningen Skuld, Den Danske Afdeling, Plaintiff–Appellant,

Aspida Travel, Ltd., Breakbulk Marine Services, Ltd., Canfornav, Ltd., Crew of Debtor's Vessels, Det Norske Veritas, Fuel and Marine Marketing, Gulf States Marine, Inc., IHI Marine Co., Ltd., Kent Trade & Finance, Inc., Marine Transport Workers Union of Russia, Maritime Transport Workers Union of Russia, Omni Navigation, Ltd., Orient Shipping, Pacnav, S.A., Pan-

coast Trading, S.A., Praxis Energy Agents S.A., Total Fina Elf Lubrifiants, S.A., Uniservice Mediterranean, S.A., Universal Oil, Ltd., Plaintiffs,

v.

Allfirst Bank, formerly known as First National Bank of Maryland, Wayland Investment Fund, LLC, Defendants–Appellees,

Millenium Seacarriers, Inc., Ivy Navigation, Ltd., Millenium II, Inc., Millenium VI, Inc., Millenium V, Millenium IV, Millenium Aleksander, Millenium Amethyst, Millenium Asset, Millenium Baltic, Millenium Elmar, Millenium Giant, Millenium Lady, Millenium Majestic, Millenium Maritime, Millenium Scorpio Maritime, Millenium Transport, Millenium Valiant, Millenium Victory, Millenium Voyager, Defendants,

United States Trustee, Trustee.

No. 03–5028.

United States Court of Appeals, Second Circuit.

April 23, 2004.

---

Peter A. Junge, Lambos & Junge, New York, N.Y. (Armand P. Mele, George Rutherglen, on the brief), for Assuranceforeningen Skuld, Den Danske Afdeling, for Plaintiff–Appellant.

James H. Hohenstein, Holland & Knight, New York, N.Y. (James H. Power, Francesca Morris), for Allfirst Bank and Wayland Investment Fund, LLC. for Defendants–Appellees, of counsel.

Present: JACOBS, B.D. PARKER, Circuit Judges, and BLOCK, District Judge.*

---

* The Honorable Frederic Block, Judge, United States District Court for the Eastern District

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Assuranceforeningen Skuld (Gjendisig) Den Danske Afdeling ("Skuld") appeals from the judgment of the United States District Court for Southern District of New York (Patterson, *J.*) affirming a grant of summary judgment by the United States Bankruptcy Court for the Southern District of New York (Blackshear, *J.*).

The bankruptcy court determined that (i) the Norwegian choice-of-law provision in an insurance policy purchased from Skuld by Debtor Millenium Seacarriers ("Millenium") is binding on the parties; (ii) under Norwegian law, unpaid protection and indemnity ("P&I") insurance premiums owed by Millenium to Skuld are not maritime liens and therefore are not protected by the Federal Maritime Lien Act, 46 U.S.C. § 31342; and (iii) the unpaid P&I premiums are therefore junior in priority to the mortgage interests of Defendants–Appellees Allfirst Bank and Wayland Investment Fund, LLC (together "Appellees").

As the district court noted, "both parties' experts on Norwegian law ... agree claims for unpaid insurance premiums do not create maritime liens under the law of Norway." Because Norwegian law does not recognize its maritime lien claims, Skuld and its legal expert argue that it is free to pursue such a claim under U.S. law. Skuld's argument ignores precedent from the Supreme Court and this Court.

In transactions of an international character, freely negotiated choice-of-forum

of New York, sitting by designation.

and choice-of-law clauses are binding unless a court finds "that it would be unfair, unjust, or unreasonable to hold [a] party to his bargain." *M/S Bremen et al. v. Zapata Off-shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

Skuld has not suggested that any such injustice results if it is held to a choice-of-law provision that it negotiated for its own benefit. "In the absence of other considerations, the agreement to submit to arbitration or the jurisdiction of [foreign] courts must be enforced even if [the] agreement tacitly includes the forfeiture of some claims that could have been brought in a different forum." *Roby, et al. v. Corporation of LLoyd's, et al.*, 996 F.2d 1353, 1360–61 (2d Cir.1993). Skuld has failed to show any "other considerations," contractual or otherwise, that should relieve it from the consequences of its own bargain. *Cf, Liverpool and London Steamship Protection and Indemnity Assoc. Ltd. v. M/V Queen of Leman*, 296 F.3d 350 (5th Cir. 2002) (holding that U.S. law governed whether a maritime lien existed because the terms of the choice-of-law clause were written so as *not* to include *all* possible *in rem* actions); Restatement (Second) of Conflict of Laws § 187(3) (1971).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**